UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00134-LLK

RICHARD BRIDGES                                                        PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security            DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 15 and 16, and the case is ripe for determination.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 13.

Because the administrative law judge's (ALJ's) decision is supported by substantial evidence and is in accord with applicable legal standards, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Procedural history

In April 2016, the ALJ issued a decision. Administrative Record (AR), pp. 168-180.

Plaintiff appealed the ALJ's decision to the Appeals Council. In June 2016, while the appeal was pending, Plaintiff submitted new medical evidence from March 2016. Jeffrey Schnell, Doctor of Podiatric Medicine (DPM), noted that: "[Plaintiff's] bilateral ankle is unstable and weak with laxity and loss of stability noted with range of motion. With muscle testing the patient has pain in the ankle with palpation under stress. Pain is noted along both the lateral and medial side of the ankle with most of the pain coming from the lateral soft tissue structures." AR, p. 725. Henri-Claude Richard, M.D.,

interpreted an imagining study as showing that Plaintiff also suffers from "arthritic changes affecting the lower cervical and mid dorsal vertebrae." AR, p. 747.

In August 2016, the Appeals Council considered this new evidence, found that it was material (i.e., if the evidence had been before the ALJ, there is a reasonable probability of a different decision), and remanded the case to the ALJ for reconsideration of the ALJ's decision in light of the new and material evidence. AR, pp. 186-187.

In March 2017, the ALJ issued a new decision. The ALJ summarized the new and material evidence as consisting of: "evidence form a primary care provider [Dr. Schnell] showing arthritic changes affecting the lower cervical and mid dorsal vertebra [and] image study evidence [from Dr. Richards] showing osteoarthritic changes of the claimant's feet and medical examination showing instability and weakness with laxity in the bilateral ankles." AR, pp. 33-34.

The ALJ modified his prior findings; recognized that Plaintiff suffers from additional severe, or vocationally significant, impairments; and found that these impairments result in additional work-related restrictions.

Whereas the prior decision found that Plaintiff suffers from severe "diabetes mellitus, chronic obstructive pulmonary disease (COPD), cardiomyopathy, and neuropathy" (AR, p. 170), the new decision added that he suffers from "obesity, tobacco abuse, arthritis of the back, and osteoarthritis of the bilateral ankles." AR, p. 24.

The prior decision found that Plaintiff's impairments limit him to a residual functional capacity (RFC) for light work[1] with the following additional restrictions: "limited to frequent use of the bilateral lower extremities for pushing, pulling or operation of foot controls, no climbing of ladders, ropes, or scaffolding, limited to occasional climbing of ramps and stairs, limited to frequent crawling, and should

---

[1] "The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. ... [T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." Soc. Sec. Rul. 83-10, 1983 WL 31251, at *5-6.

avoid concentrated exposure to hazards, unprotected heights, and moving machinery." AR, p. 174. The new decision reaffirmed that Plaintiff is limited to light work but added that his impairments limit him to occasional (as opposed to frequent) use of the bilateral lower extremities (an accommodation to Plaintiff's osteoarthritis of the bilateral ankles); occasional (as opposed to frequent) crawling; occasional (as opposed to unrestricted) stooping and crouching; a need to avoid concentrated exposure to extreme cold and heat; and a need for a sit/stand option at thirty minute intervals. AR, p. 28.

The ALJ found that additional limitations are unwarranted due to: "evidence of record as a whole demonstrating conservative medical treatment, and the claimant reporting engaging in activities including exercising daily by walking and lifting weights (Exhibit 8F) [AR, pp. 677-694], working part time as a forklift driver, and raking leaves (testimony)." AR, p. 34.

The ALJ's decision became the Commissioner's final decision, subject to this judicial review, when the Appeals Council declined to review the ALJ's decision. Appeals Council's decision at AR, pp. 1-4.

### The ALJ adequately followed the Appeals Council's remand order.

Plaintiff argues that the ALJ's decision failed to adequately follow the Appeals Council's remand order because it stated that his "osteoarthritis of the bilateral ankles is not well supported by medical evidence of record" (AR, p. 30) and did not make an explicit finding regarding the other basis "the Appeals Council listed in remanding the case" (i.e., the arthritic changes affecting Plaintiff's lower cervical and mid dorsal vertebrae). Docket 15-1, p. 7. According to Plaintiff's argument, "[i]f the evidence was not sufficient, the Appeals Council would not have cited it as a reason to send the case back for another hearing." Docket 15-1, pp. 7-8.

Plaintiff's point is well-taken that his bilateral ankle condition was sufficiently supported to warrant further analysis. Judicial review, however, contemplates a harmless-error review. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. Feb. 9, 2006) (quoting *Fisher v. Sec'y of Health &*

3

*Human Servs.*, 869 F.2d 1055, 1057 (7th Cir.1989)) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result"). The ALJ's statement was harmless error because the ALJ acknowledged that Plaintiff suffers from "osteoarthritis of the bilateral ankles" (AR, p. 24) that limits him to occasional use of the bilateral lower extremities and requires a sit/stand option at thirty minute intervals (AR, p. 28). While the ALJ stated that Plaintiff's osteoarthritis of the bilateral ankles is "not well supported" (AR, p. 30), any error was harmless because the ALJ acknowledged that the condition exists and results in significant limitations (AR, pp. 24 and 28).

Plaintiff is also correct that the ALJ's discussion the arthritic changes affecting his lower cervical and mid dorsal vertebrae was sparse. However, the ALJ found that Plaintiff suffers from "arthritis of the back" (AR, p. 24) that limits him to occasional stooping and crouching and a sit/stand option at thirty minute intervals (AR, p. 28). Any error was harmless because Plaintiff has failed to identify any evidence in the administrative record, which the ALJ was required to accept, that these conditions result in additional restrictions. He has not explained why a sit-stand option with a restriction to occasional use of the lower extremities does not sufficiently accommodate his ankle impairment. The ALJ adequately followed the Appeals Council's remand order.

### Even if the ALJ did not adequately follow the Appeals Council's remand order, the error is not cognizable on judicial review.

The Court's review of the ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Key v. Comm'r*, 109 F.3d 270, 273 (6th Cir. 1997).

To the extent Plaintiff is arguing that (regardless of whether the ALJ's decision was supported by substantial evidence and otherwise in accord with applicable legal standards) the ALJ's failure to follow the Appeals Council's remand order constitutes an independent, reversible error, the argument is without merit and not cognizable on judicial review. The state of the case-law on this question was

4

recently summarized in *Gutzeit v. Comm'r*, No. 16-11650, 2017 WL 4019461, at *7 (E.D. Mich. Aug. 21, 2017):

> The overwhelming majority of courts in this circuit, however, have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand. *See O'day v. Comm'r of Soc. Sec.*, 2015 WL 225467, at *6 (W.D. Mich. Jan. 16, 2015); *Verschueren v. Comm'r of Soc. Sec.*, 2014 WL 4925866, at *10 (W.D. Mich. Sept. 30, 2014); *Caldwell v. Colvin*, 2014 WL 3747548, at *3 (E.D. Ky. July 29, 2014); *Cooper v. Colvin*, 2014 WL 2167651, at *2 (W.D. Ky. May 23, 2014) ("Plaintiff's contention that the ALJ's decision does not comply with the Remand Order is not cognizable in this judicial review."); *Prichard v. Astrue*, 2011 WL 794997, at *15 (M.D. Tenn. Feb. 28, 2011) ("Plainly stated, this Court's scope of review 'is limited to an analysis of the ALJ's decision and not a review of the ALJ's compliance with the Appeals Council's Order of Remand.'"), report and recommendation adopted, 2011 WL 1113755 (M.D. Tenn. Mar. 25, 2011); *Peterson v. Comm'r of Soc. Sec.*, 2010 WL 420000, at *7 (E.D. Mich. Jan. 29, 2010) ("[S]ince 'the district court does not review internal agency-level proceedings, it will not address whether the ALJ complied with the specific provisions of the Appeals Council's order of remand.'"); *Dishman v. Astrue*, 2009 WL 2823653, at *11 (E.D. Tenn. Aug. 27, 2009); *Riddle v. Astrue*, 2009 WL 804056, at *19 (M.D. Tenn. Mar. 25, 2009); *Brown*, 2009 WL 465708 at *5 ("Plaintiff's appeal is inappropriate, because it seeks to have this court review an internal agency matter.... Nevertheless, the court concludes that it lacks jurisdiction to address plaintiff's claims.").

Even if the ALJ did not adequately follow the Appeals Council's remand order, that error alone is not cognizable on judicial review.

## Order

Because the ALJ's decision is supported by substantial evidence and is in accord with applicable legal standards, the Commissioner's final decision is AFFIRMED and Plaintiff's complaint is DISMISSED.

January 2, 2018

Lanny King, Magistrate Judge
United States District Court